UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HELEN JANILETH BARDALES SOSA and J.A.B.,

Petitioners,

v. Case No: 6:26-cv-1998-JSS-CAB

ASST. FIELD DIRECTOR NORMAN S. BRADLEY, FIELD OFFICE DIRECT. GARRETT RIPA, DIRECTOR DAVID VENTURELLA, SECRETARY MARKWAYNE MULLIN, and US ATTORNEY GENERAL TODD BLANCHE,

Respondents.

_________________________________/

**ORDER**

Petitioners have filed a purported notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Dkt. 23.) Although the Rules Governing Section 2254 Cases do not address voluntary dismissals, Rule 12 provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Thus, courts have applied Rule 41 to habeas actions. *See Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999) (collecting cases); *see also Ware v. Florida*, No. 2:07-cv-18, 2007 WL 3117737, at *1 (M.D. Fla. Oct. 22, 2007);

*Webb v. Jones*, No. 5:18-cv-176, 2019 WL 587920, at *1 (N.D. Fla. Jan. 10, 2019), *report and recommendation adopted by* 2019 WL 586750 (N.D. Fla. Feb. 13, 2019).

Even so, Rule 41(a)(1)(A)(i), which permits a petitioner to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), does not apply to this case, as Respondents submitted a response (Dkt. 7) to the petition. Further, Rule 41(a)(1)(A)(ii), which enables a petitioner to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii), "requir[es] each and every party that has thus far appeared in a lawsuit to sign [the] stipulation of dismissal," *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023). The purported notice does not satisfy this requirement because it is signed by Petitioners only. (*See* Dkt. 23.)

The court construes the purported notice as a motion to dismiss under Rule 41(a)(2), which states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the [petitioner]'s request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see Doster*, 60 F. Supp. 2d at 1259 (applying Rule 41(a)(2) to a habeas proceeding). The court considers the purported notice's terms to be proper and grants the construed motion to dismiss.

Accordingly:

1. This case is **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and

to close this case.

**ORDERED** in Orlando, Florida, on November 6, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record